**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**TARUNKUMAR SENDABHAI CHAUDHARI**,

*Petitioner*,

v. Case No. 2:26-cv-03155-BCL-tmp

**CHRISTOPHER BULLOCK,**
**TODD BLANCHE,**

*Respondents*.

---

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner Tarunkumar Sendabhai Chaudhari has filed a Petition for Writ of Habeas challenging his immigration detention. Doc. 1. This Court ordered a response and further provided a window for Petitioner to file a reply to that response. Doc. 7. Petitioner has not filed a reply. For the reasons that follow, the Petition is **DENIED**.[1]

Petitioner has failed to exhaust administrative remedies: Respondent notes that Petitioner has not sought an initial bond hearing. Doc. 9 at 4. Petitioner has not argued otherwise, despite being expressly granted leave to file a reply. Doc. 7. Petitioner is effectively asking this Court to step in in the first instance, bypassing the Immigration Judge and the Board of Immigration Appeals entirely. Doc. 1. That is inappropriate—particularly where, as here, the petition was filed after the Sixth Circuit held in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), that some applicants are entitled to individualized bond hearings.

[1] Petitioner's Motion for Leave for Counsel to Proceed Without Local Counsel (Doc. 3) is **GRANTED**.

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Exhaustion gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted). And the doctrine arguably helps to protect and promote the separation of powers, insofar as it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to reach a final decision on the Petitioner's claim through its own processes. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))). Petitioner must file a bond motion with the immigration court, and exhaust his remedies there, before seeking judicial relief.

While Petitioner states that exhaustion should be excused, he by and large offers only conclusory statements, devoid of argument and citation to authority (aside from an authority noting that prudential exhaustion can in some circumstances be excused). He therefore has not adequately presented the Court with an argument for excusal—e.g., why he would suffer irreparable harm from detention of a sort and extent that would warrant excusal, or why the immigration courts and BIA cannot consider his various claims.

The sole exception is Petitioner's argument that "Petitioner is unlikely to receive a fair bond hearing before an immigration judge." Doc. 1 at 18. But, in support of that argument, Petitioner makes no claim of illegality—and certainly no claim of illegality tied in with any specificity to his case—but instead simply (1) cites secondary sources indicating alleged closer scrutiny of bond determinations and a decrease in the award of bonds, and (2) invites speculation that his bond hearing would be a sham. For at least two related reasons, that is insufficient. First, Petitioner's argument is wholly inconsistent with the "presumption of regularity to which the politically accountable Executive Branch is rightly entitled," *Acevedo-Solis v. Bullock*, 2026 WL 2137955, at *2 (W.D. Tenn. 2026)—a point only underscored by the fact that, within this Circuit, qualifying aliens are entitled to an individualized bond hearing under *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). *Second*, to the extent Petitioner's arguments bottom out to a claim that Petitioner is unlikely to succeed before the immigration court and BIA, under binding Sixth Circuit precedent that is no basis for excusing exhaustion. *See Smith*, 178 F.4th at 325 ("The futility excuse, it bears explaining, concerns whether the agency can offer an appropriate remedy even if past agency decisions foreclose a successful result before the agency. A party like Smith, it follows, is not excused from making an argument before an agency simply because the argument is destined to lose."). In short, Petitioner has not shown that exhaustion should be excused, and he has failed to exhaust his administrative remedies.

## CONCLUSION

Plaintiff's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

**IT IS SO ORDERED**, this 17th day of September, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE